IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE E. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:15-cv-00012 |
| v. ) | |
| ) | Removed from Circuit Court of |
| METROPOLITAN LIFE INSURANCE ) | St. Louis County, MO |
| COMPANY AND METLIFE, INC., ) | Cause No. 14SL-CC03966 |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

COME NOW Defendants Metropolitan Life Insurance Company and MetLife, Inc. and give notice that the above-captioned case, initiated in the Circuit Court of St. Louis County, Missouri, on or about November 18, 2014, and assigned Cause No. 14SL-CC03966, has on this 5th day of January, 2015, been removed to the United States District Court for the Eastern District of Missouri, Eastern Division.  As grounds for removal, Defendants state:

1.  On or about November 18, 2014, an action was commenced in the Circuit Court of St. Louis County, Missouri, titled *Michelle E. Cooper, Plaintiff, v. Metropolitan Life Insurance Company and MetLife, Inc., Defendants*, and there designated as Cause No. 14SL-CC03966 and assigned to Division 13.  The Summons and Petition were served on Metropolitan Life Insurance Company by service on its registered agent on December 5, 2014.  A Summons was issued to MetLife, Inc., which is not a proper party to this action, on December 4, 2014, but Defendants have been unable to determine whether it has been served.  Regardless, MetLife, Inc., which is not a proper party to this action, joins in this Notice of Removal.  A certified copy of the state court file is attached hereto as Exhibit A.  A copy of the Summons and Petition served on Metropolitan Life Insurance Company is attached hereto as Exhibit B.  No further

1

proceedings have been had in this action, nor have any other processes, pleadings, or orders been served on either Defendant.

2.      As shown by the Petition, Plaintiff Michelle E. Cooper claims entitlement to long term disability ("LTD") benefits under an employee welfare benefit plan (the "Plan") sponsored by Anheuser-Busch Companies, LLC ("Anheuser-Busch"), her former employer.  LTD benefits under the Plan are funded by a group policy of disability insurance issued by Metropolitan Life Insurance Company to Anheuser-Busch.  (Petition, ¶11).

3.      As shown by Plaintiff's Petition, Plaintiff asserts claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1001 *et seq.*, as well as asserting claims for breach of contract and vexatious refusal to pay.  ERISA, at 29 U.S.C. §1132(a)(1)(B), provides the exclusive remedy for resolution of claims by participants in an ERISA-governed employee welfare benefit plan to recover benefits under the terms of the Plan or enforce their rights under the terms of the Plan.

4.      Plaintiff's action, regardless of the manner in which it is framed, is an action to recover benefits under an employee welfare benefit plan or to enforce rights under the terms of an employee welfare benefit plan.  This action is therefore governed by ERISA, 29 U.S.C. §§1001 *et seq.*, a comprehensive federal statute which also preempts state law claims, furnishes controlling federal substantive law, and fully occupies the field concerning claims to the benefits of employee welfare benefit plans.  *See* 29 U.S.C. §1144; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).  Thus, Plaintiff's action is founded on a claim or right arising out of the laws of the United States, specifically 29 U.S.C. §1132(a)(1)(B), and may be removed to this Court without regard to the amount in controversy.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).

5.	The above-described action is therefore a civil action for damages of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may properly be removed to this Court, pursuant to the provisions of 28 U.S.C. §1441 *et seq.*

6.	This Notice of Removal is filed within thirty (30) days after service of the Petition and Summons on Metropolitan Life Insurance Company on December 5, 2014, and is timely filed under 28 U.S.C. §1446(b).

7.	Written notice of the filing of this Notice of Removal will be given to Plaintiff, as required by law.

8.	A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of St. Louis County, Missouri, as required by law.

WHEREFORE, Defendants Metropolitan Life Insurance Company and MetLife, Inc. give notice that the above action initiated in the Circuit Court of St. Louis County, Missouri, is hereby removed to the United States District Court for the Eastern District of Missouri, Eastern Division, for the reasons stated above.

Respectfully submitted,

**BUCKLEY & BUCKLEY, L.L.C.**

By:  /s/ Ann E. Buckley
Ann E. Buckley        #26970MO
1139 Olive St., Ste. 800
St. Louis, MO 63101
Telephone: (314)621-3434
Facsimile: (314)621-3485
Abuckley@buckleylawllc.com
Attorneys for Defendants

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 5th day of January, 2015, a copy of the above and foregoing was filed electronically with the Clerk of the Court, using CM/ECF system, which sent notification of such filing to: Debbie S. Champion, Sarah K. Taylor, Rynearson, Suess, Schnurbusch & Champion, LLC, 500 North Broadway, Ste. 1550, St. Louis, MO 63102, dchampion@rssclaw.com, staylor@rssclaw.com, Attorneys for Plaintiff.

  /s/ Ann E. Buckley    .