UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE E. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV12 RLW |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike Jury Demand (ECF No. 9). The motion is fully briefed and ready for disposition. Upon review of the motion and related memoranda, the Court will grant Defendant's Motion to Strike Jury Demand.

Plaintiff originally filed a Petition in the Circuit Court of St. Louis County, Missouri, alleging breach of contract, violation of Section 502(a) of ERISA, and vexatious refusal to pay. Plaintiff's allegations stem from the Defendant's denials of her claims for long term disability ("LTD"). Defendants removed the action to federal court on the basis of federal question jurisdiction, asserting the state law claims are preempted by ERISA, 29 U.S.C. §§ 1001 *et seq.* On January 23, 2015, Defendant filed the present Motion to Strike Jury Demand, arguing jury trials are not available for ERISA claims. Plaintiff responded that Defendant's motion is premature until the Court determines whether ERISA preempts the state law claims. The Court then ordered the parties to submit briefs on the preemption issue no later than April 6, 2015. Plaintiff subsequently filed a motion for voluntary dismissal of Counts I and III, the state law claims, leaving only the ERISA claim before this Court. The parties did not timely submit briefs

on ERISA preemption, and the Court presumes by Plaintiff's motion to dismiss that she agrees a trial by jury is not warranted.

"[I]t is well-established in the Eighth Circuit that there is no right to a jury trial on ERISA claims." *United Mine Workers of Am. v. Am. Commercial Lines Transp. Servs., L.L.C.,* No. 4:08CV1777SNLJ, 2010 WL 2245084, at *1 (E.D. Mo. June 2, 2010) (citing *Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999)). This is true even in cases where the plaintiff seeks monetary relief as part as the ERISA claim. *Id.* Because Plaintiff's sole claim in this cause of action is under ERISA, the Court will grant Defendant's Motion to Strike Jury Demand. *Coots v. United Emp'rs Fed'n*, 865 F. Supp. 596, 601 (E.D. Mo. 1994) ("Since this is an ERISA action, plaintiff is not entitled to a jury.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Jury Demand [ECF No. 10] is **GRANTED.**

Dated this  10th  day of April 2015.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**