IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE E. COOPER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>METROPOLITAN LIFE INSURANCE )<br>COMPANY, )<br>)<br>Defendant. ) | Cause No: 4:15-cv-00012-RLW |

## PLAINTIFF'S MOTION FOR DISCOVERY

COMES NOW Plaintiff Michelle E. Cooper, by and through undersigned counsel, and for her Motion for Discovery, pursuant Federal Rules of Civil Procedure and this Court's Case Management Order, dated March 6, 2015, states as follows:

1. This is an action based on the unreasonable denial of long-term disability benefits for Plaintiff, Michelle E. Cooper, by the plan administrator, Defendant Metropolitan Life Insurance Company.

2. The standard of review of a plan administrator's decision to deny benefits to a claimant is whether decision was arbitrary and capricious, based on the administrative record.

3. However, where the entity that funds an ERISA-governed plan also determines the claimant's eligibility for benefits, the court will allow limited discovery regarding the structural conflict of interest as one factor in whether the plan administrator abused its discretion. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008).

4. Defendant funds the disability insurance policy to Plaintiff's former employer, Anheuser-Busch Companies, LLC, as well as administers the ERISA-governed plan, determining the claimant's eligibility.

5. The Eighth Circuit has previously allowed discovery in such cases to determine the extent of the administrator's conflict of interest and whether it has affected the administrator's decision. *See Whipple v. Unum Grp. Corp.*, No. CIV. 10-5075-JLV, 2012 WL 589565, (D.S.D. Feb. 22, 2012). *See also Winterbauer v. Life Ins. Co. of N. Am.*, No. 4:07CV1026DDN, 2008 WL 4643942, (E.D. Mo. Oct. 20, 2008).

6. Plaintiff seeks the following discovery, through request for production of documents, interrogatories and/or depositions, including the name and address of every employee, agent, Consultant, or third-party identified in each document or with knowledge of such information, to determine the extent of Defendant's conflict of interest and whether that conflict has affected its decision to deny Plaintiff long-term disability benefits:

   a. Training and procedures used in determining Plaintiff's claim, including the criteria used in making decisions, not already produced.

   b. The handling of long-term disability claims involving any/or all diagnoses documented in Plaintiff's medical records reviewed by Defendants in their disability determination for any other employee within the last five (5) years.

   c. Any document used in the handling of Plaintiff's long-term disability claim not already produced to Plaintiff via Rule 26 disclosures.

   d. Any relationship between Defendants, third parties and any person or entity employed or consulted (hereinafter referred to as "Consultants") or to review of

Plaintiff's records and medical information and similar claims reviews for the last five (5) years.

e. Number of claimants with any and/or all diagnoses documented in Plaintiff's medical records within the past five (5) years who Defendants found to be disabled or found not to be disabled.

f. Defendant's basis for the finding of disability or finding of no disability of any claimant with diagnoses the same or similar to any/or all diagnoses documented in Plaintiff's medical records within the past five (5) years.

g. All medical records of Plaintiff, not yet produced, reviewed by Defendants in the process of making their determination as to Plaintiff's claim of disability.

h. All documents that show the amounts paid to Consultants by Defendants within the past five (5) years.

i. Number of times Defendants have requested Consultants review a disability claimant's file, records, and/or claim within the past five (5) years.

j. Any documents provided to Consultants by Defendants that generally guide the process of reviewing records and/or claims of disability.

k. Complaints, whether written or recorded in any form, alleging that Defendants improperly denied a claim for disability involving diagnoses the same or similar to any/or all other diagnoses documented in Plaintiff's medical records within the past five (5) years.

l. Copies of any medical literature or publications relied upon by Defendants in determining disability claims for claimants with diagnoses the same or similar to diagnoses documented in Plaintiff's medical records within the past five (5) years.

m. Efforts of Defendants and/or Defendants' agents to contact any treating health care provider of Plaintiff, whether written or recorded in any form.

n. All statements, whether written or recorded in any form, of Plaintiff made in connection with the disability claim at issue in this case.

o. Any effort of Defendant and/or Defendants' agents to obtain Plaintiff's social security records.

p. Job duties that Defendants used in their determination of Plaintiff's disability claim.

q. Policies, guidelines, rules, and/or procedures for evaluating medical records of claimants and determining whether the findings in the records support a finding of disability employed by Defendants.

r. All policies, procedures, rules and/or other guidelines for avoiding and/or addressing conflicts of interest in disability determinations employed by Defendants within the past five (5) years.

s. All notes, memoranda, and/or other writing, recorded in any form, concerning the disability determination made by Defendants relative to Plaintiff.

t. All documents, not already produced, that constitute the plan and/or policy under which Plaintiff sought disability coverage controlled or administered by Defendants.

u. The complete contents of the claims file relative to the claim of disability of Plaintiff, and otherwise not produced.

v. All communications by Defendant to Plaintiff or her agents/representatives.

w. Statements of any sort from Plaintiff's employer concerning her disability claim, made in connection with her disability claim, and/or relied upon by Defendants in deciding Plaintiff's disability claim.

x. Relationship between the Defendant, its agents and/or employees, and Consultants.

y. Policies, procedures, rules and/or guidelines that govern how Defendant evaluates and weighs conflicting opinions of physicians and/or other health care providers when evaluating a disability claim employed by Defendants in the past five (5) years.

z. Relationship between Defendant and Plaintiff's employer at the time of her claimed disability.

aa. Compensation structure of the employees of Defendant who participated in the review and evaluation of Plaintiff's disability claim.

bb. Interpretation of the benefit plan under which Plaintiff made a disability claim.

cc. Communications between Defendant and/or Defendant's agents and Consultants and/or Consultant's agents in connection with Plaintiff.

dd. Ethical standards and/or rules of conduct imposed upon Defendant's agents and/or employees in the review of a disability claim applicable within the past five (5) years.

WHEREFORE, Plaintiff prays that this Court grants her Motion for Discovery regarding the Defendant's conflict of interest, and for such other and further relief this Court deems necessary and proper under the circumstances.

RYNEARSON SUESS SCHNURBUSCH
CHAMPION, LLC.

BY:    /s/ Margaret A. Smith
       Debbie S. Champion,    #38637
       Margaret A. Smith,     #34033
       500 North Broadway, Suite 1550
       St. Louis, MO 63102
       314-421-4430 / FAX: 314-421-4431
       dchampion@rssclaw.com
       msmith@rssclaw.com
       ***Attorneys for Plaintiff Michelle E. Cooper***

## CERTIFICATE OF MAILING

The undersigned certifies that a true copy of the foregoing was sent via the Court's electronic filing system on this 20th day of April, 2015 to:

Ms. Ann E. Buckley
BUCKLEY & BUCKLY, LLC
1139 Olive Street, Suite 800
St. Louis, MO 63101
314-621-3434 / FAX: 314-621-3485
Abuckley@buckleylawllc.com
***Attorney for Defendants Metropolitan Life Insurance Company***

                                                      /s/ Margaret A. Smith