IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE E. COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:15-cv-00012-RLW |
| v. | ) |
| | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT'S STATUS REPORT REGARDING PLAINTIFF'S DISCOVERY REQUEST

COMES NOW Defendant Metropolitan Life Insurance Company ("MetLife") and, pursuant to this Court's Order dated September 8, 2015 (Doc. 42), respectfully submits its status report regarding Plaintiff's discovery request:

1. Plaintiff filed a motion for discovery on April 20, 2015. (Doc. 27).

2. After obtaining extensions of time, with Plaintiff's consent, MetLife filed its memorandum in opposition on June 23, 2015. (Doc. 35).

3. No further briefing was filed with respect to Plaintiff's motion for discovery (Doc. 23), and there has been no ruling on the motion.

4. On September 4, 2015, Plaintiff's agreed to limit Plaintiff's request in paragraph 6 of her motion to the information requested in paragraphs a, b, d, h, i, j, m, n, p, x, y, cc, and dd.

4. Although it remains MetLife's position, as set out in its memorandum in opposition (Doc. 35), that Plaintiff is not entitled to discovery outside the Administrative Record and that Plaintiff's requests for discovery are not narrowly tailored, MetLife has offered, as a compromise, to provide the following information:

1

- The total number of claims MetLife referred to Medical Consultants Network, Inc. for the period of Plaintiff's claim, November 2011 through June 2013;

- The amount paid by MetLife to Medical Consultants Network, Inc. for Dr. Schiopu's review of Plaintiff's medical records; and

- The total number of claims referred by MetLife to Dr. Schiopu for the period of Plaintiff's claim, November 2011 through June 2013.

5. MetLife is unable to agree to Plaintiff's other requests.

6. Plaintiff's requests for training materials, policies, procedures, rules, guidelines, and ethical standards or rules of conduct (paragraphs a, j, y, and dd) are not narrowly tailored and seek information which is confidential and proprietary and which would not shed any light on whether a structural conflict of interest, arising from the fact that MetLife is the claim fiduciary and the issuer of an insurance policy which funds the Plan benefits, impacted Plaintiff's claim.

7. Plaintiff's request for information concerning the handling of claims other than Plaintiff's (paragraph b) is not narrowly tailored to the issue of whether a structural conflict impacted Plaintiff's claim and seeks confidential medical information relating to non-parties.

8. Although Plaintiff's request in paragraph d is unclear, the Administrative Record reflects that Medical Consultants Network, Inc. is an independent contractor that schedules peer reviews of medical records, and that Dr. Schiopu is a reviewing physician. In addition, MetLife has offered to provide the information set forth in paragraph 4 above. No additional discovery is warranted, and none should be allowed.

9. Plaintiff's request in paragraph h, seeking all documents that show the amounts paid to Consultants by MetLife within the past five years, is not narrowly tailored to the issue of whether a structural conflict impacted Plaintiff's claim and is overly broad and unduly

burdensome. MetLife has offered to provide the information set forth in paragraph 4 above. No additional discovery is warranted, and none should be allowed.

10. The Administrative Record produced by MetLife to Plaintiff's counsel (ML00001-ML00862) includes the information sought in paragraphs m and n. See, e.g., ML00102-ML00104, ML00141, ML00162, ML00164, ML00184, ML00215, ML00220, ML00225-ML00228, ML00361-ML00369; ML00478, ML00494, ML00502-ML00508; ML00511-ML00513, ML00515-ML00521, ML00708; ML00063, ML00115-ML00116, ML00119-ML00121, ML00124-ML00125, ML00129, ML00131-ML00133, ML00328, ML00329, ML00337-ML00338, ML00340-ML00341, ML00389, ML00393, ML00468, ML00553-ML00555, ML00557-ML00567. MetLife has no additional information in its possession.

WHEREFORE, Defendant Metropolitan Life Insurance Company states that it is willing to provide the information set forth in paragraph 4, and it respectfully requests that in all other respects, Plaintiff's Motion for Discovery (Doc. 27) be denied.

Respectfully submitted,

**BUCKLEY & BUCKLEY, L.L.C.**

By: /s/ Ann E. Buckley
Ann E. Buckley      #26970MO
1139 Olive St., Ste. 800
St. Louis, MO 63101
Telephone: (314)621-3434
Facsimile: (314)621-3485
Abuckley@buckleylawllc.com
Attorneys for Defendant Metropolitan Life Insurance Company

3

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on this 11th day of September, 2015, a copy of the above and foregoing was filed electronically with the Clerk of the Court, using CM/ECF system, which sent notification of such filing to: Debbie S. Champion and Margaret A. Smith, Rynearson, Suess, Schnurbusch & Champion, LLC, 500 North Broadway, Ste. 1550, St. Louis, MO 63102, dchampion@rssclaw.com, msmith@rssclaw.com, Attorneys for Plaintiff.

                                       /s/ Ann E. Buckley